**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No.: 1:12-cv-23795-UU

RONALD LOUIS SMITH, JR.,

      Plaintiff,

v.

HARRY WAYNE CASEY, *et al.*,

      Defendants.

_____/

## <u>ORDER ON MOTION TO DISMISS</u>

THIS CAUSE is before the Court upon Defendants Horne and Joy Productions' Motion to Dismiss, D.E. 30, filed on January 10, 2013.  Plaintiff filed his Response in Opposition, D.E. 41, on January 28, 2013, and Defendants filed their Reply, D.E. 53, on February 8, 2013.  This matter is now ripe for disposition.

THE COURT has considered the Motion and the pertinent portions of the record and is otherwise fully advised in the premises.  Defendants argue that the count asserted against them should be dismissed on either of two separate grounds[1]: (1) Plaintiff lacks standing to sue for copyright infringement, given that he never registered his copyright interest; and (2) the Complaint contains insufficient allegations of infringement activity by Defendants Horne and Joy Productions.  The Court agrees that the copyright infringement count should be dismissed for all Defendants to this action because Plaintiff lacks standing to sue, and additionally as to the moving Defendants because of insufficient pleadings.

_____

[1] The Defendants bringing this Motion also urge the Court to dismiss Count III on similar grounds and then to decline supplemental jurisdiction over the state-law claim in Count II. However, the Court agrees with Plaintiff that it would be improper to do so in this Order, given that the moving Defendants are charged only with Count I and therefore lack a real interest in the disposition of the remaining claims.

## I. Background

_____Ronald Louis Smith ("Smith") was a recording artist, songwriter, producer, and musician who died on January 21, 2012.  D.E. 1 ¶ 4.  Plaintiff Ronald Louis Smith, Jr. ("Plaintiff") is a Florida resident and the administrator of Smith's estate.  *Id.* ¶ 3.  Defendant Jimmie Horace Horne, Jr. ("Horne") is a recording and performing artist domiciled in Florida.  *Id.* ¶ 9. Defendant Joy Productions, Inc., is a Florida corporation with its principal place of business in Florida.  *Id.* ¶ 10.  This action was brought by Plaintiff on behalf of Smith's estate, and states counts for:  (1) Copyright Infringement; (2) Breach of Contract; and (3) Declaratory Relief regarding copyright ownership.  Defendants Borne and Joy Productions are charged only with the copyright infringement count.

Smith was the sole author of the musical composition entitled *Spank*.  *Id.* ¶ 11.  In 1978, Smith also produced and recorded the *Spank* for Defendant Sunshine Sound Entertainment, Inc. ("Sunshine Sound").  *Id.* ¶ 12.  Sunshine Sound is a party to this action, but not a party to this Motion.  The 1978 *Spank* recording features the vocal performance of Defendant Horne.  *Id.* ¶ 12.  Harrick Music, Inc., a Florida corporation with its principal place of business in Florida, *id.* ¶ 8, filed a "PA" copyright registration form with the Copyright Office on March 1, 1979, listing itself as *Spank*'s claimant and Smith as the sole author of *Spank*'s words and music.  *Id.* ¶ 14. Harrick Music is a defendant to this action, but not to this Motion.

Smith sent a Cease and Desist and Notice of Termination Letter (the "First Termination Letter") to Sunshine Sound and Harrick Music, dated November 28, 2011.  D.E. 1-5.  This letter sought to terminate the transfer of his copyright interests in the *Spank* composition and master to Defendants.  *Id*.  Neither Horne nor Joy Productions received a copy of this letter from , nor was

it addressed to them.  Plaintiff alleges that, "[d]espite receipt of Decedent Smith's Cease and Desist notice Defendants KC, Harrick Music, Sunshine Sound, Horne and Joy Productions have continued to commercially exploit the Composition 'Spank.'" D.E. 1 ¶ 29.  Plaintiff makes no other allegation with respect to Horne and Joy Productions, nor does he elaborate on the form in which they have commercially exploited the *Spank* composition since the date of the letter, other than to offer the legal conclusion that "[s]uch continued exploitation constitutes intentional copyright infringement by said Defendants." *Id.* ¶ 30.

## **II. Legal Standard**

In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  While a court, at this stage of the litigation, must consider the allegations contained in the plaintiff's complaint as true, this rule "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addition, the complaint's allegations must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

In practice, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*  The plausibility standard requires more than a sheer possibility that a defendant has acted unlawfully. *Id.*  Where a complaint pleads facts that are merely consistent

3

with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id*. Determining whether a complaint states a plausible claim for relief is a context-specific undertaking that requires the court to draw on its judicial experience and common sense. *Id*. at 679.

### III. Discussion

Count I of Plaintiff's Complaint is for copyright infringement of the *Spank* composition only, and only for the period from November 28, 2011, when the Cease & Desist Letter was written, through the present. The Copyright Act gives a copyright owner the exclusive right to authorize the public performance of a musical composition. 17 U.S.C. § 106(4). To establish copyright infringement, Plaintiff must prove: (1) ownership of a valid copyright; and (2) the copying of protected materials. *Miller's Ale House, Inc. v. Boynton Carolina Ale House, LLC*, 702 F.3d 1312, 1325. As applied to a claim of musical copyright infringement, Plaintiff must show four elements: (1) the originality and authorship of the compositions involved; (2) compliance with the formalities of the Copyright Act to secure a valid copyright; (3) a proprietary right in the copyright at issue; and (4) the Defendants' public performance of their works, not authorized by Plaintiff or his representatives. *Broad. Music Inc. v. Evie's Tavern Ellenton, Inc.*, No. 11-2056, 2011 WL 6012201, at *1 (M.D. Fla. Nov. 30, 2011); *Morley Music Co. v. Café Cont'l, Inc.*, 777 F. Supp. 1579, 1582 (S.D. Fla. 1991). Defendants do not challenge the first of these elements, argue that Plaintiff cannot show the second and third elements, and contend that Plaintiff has not made a sufficient allegation with respect to the fourth element.

#### A.  Compliance with Copyright Formalities

Plaintiff has failed to show that he has standing to bring a suit for copyright infringement.

4

Standing to sue for infringement must necessarily be grounded in ownership of a copyright interest.  That ownership is determined in part by compliance with the formalities of the Copyright Act.  The Act provides that "[t]he legal or beneficial owner of an exclusive right under a copyright is entitled, subject to the requirements of section 411, to institute an action for any infringement of that particular right committed while he or she is the owner of it."  17 U.S.C. § 501(b).  Section 411, in turn, states that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."  *Id.* § 411(a).  Any registration for the copyright sued upon must be commenced no later than the date that the suit was brought.  *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1309 (11th Cir. 2012).  If Plaintiff produces a certificate of copyright, the burden shifts to Defendants to demonstrate why the claim of copyright is invalid.  *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1541 (11th Cir. 1996).

Here, Plaintiff has failed to produce a certificate of copyright with respect to the *Spank* composition, and fails even to allege that it had registered for one by the time this Complaint was filed.  Plaintiff does attach a Certificate of Copyright Registration, dated March 1, 1979, for *Spank* to the Complaint, but the Certificate names Harrick Music as the Copyright Claimant. D.E. 1-3, at 2.  Smith is listed only as the author, and the Registration notes that "Harrick Music, Inc. received transfer by written notice from Ronald Luis Smith."  *Id.*  Even if the registration were the fruit of inaccurate information submitted by the registrant, Harrick Music, it is still a prerequisite to the filing of a copyright infringement claim[2] – a prerequisite that neither Plaintiff

---

[2] *See* 17 U.S.C. § 501(b) ("A certificate of registration satisfies the requirements of this section . . . regardless of whether the certificate contains any inaccurate information . . . .").

nor Smith has satisfied.  As such, the Court finds that Plaintiff lacks standing to bring Count I against any and all of the defendants, including Horne and Joy Productions.

**B.  Insufficiency of Infringement Allegations**

Even assuming that Plaintiff had fulfilled the statutory standing prerequisites set forth in the Copyright Act, its pleadings would still be woefully insufficient as to the moving Defendants. The Cease-and-Desist Letter that marks the start of the alleged infringement period was not directed at the moving Defendants.  Nor does Plaintiff allege that the infringement period predates the Cease-and-Desist Letter, stating instead that "Decedent Smith acquiesced in allowing Defendant Harrick Music to administer the Composition 'Spank' from January 8, 1979 until November 28, 2011."  D.E. 1 ¶ 18.  Finally, had Smith hypothetically copied the moving Defendants on the Cease-and-Desist Letter, or even intended that his period of "acquiescence" in Harrick Music's administration of *Spank* not cover any involvement by Horne or Joy Productions, his pleadings would still be deficient in alleging facts tending to show infringement. A bare assertion that Horne and Joy Productions, in conjunction with all other named Defendants, "have continued to commercially exploit" *Spank* and that such "constitutes intentional copyright infringement" is insufficient to state a claim for relief.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)*.*

It is unclear whether Plaintiff's deficiencies in pleading copyright infringement as to Horne and Joy Productions could be cured upon amendment of the Complaint.  However, it would be futile for the Court to grant Plaintiff such leave, given that he lacks statutory standing to bring a copyright infringement charge at the present time.  Accordingly, it is

ORDERED AND ADJUDGED that the Motion to Dismiss, D.E. 30, is GRANTED.

6

Defendants Jimmie Horace Horne, Jr. and Joy Productions, Inc. are dismissed as parties to this action.  It is further

ORDERED AND ADJUDGED that the Motion for Disclosure, D.E. 58, filed by Horne and Joy Productions, Inc., is DENIED AS MOOT.  It is further

ORDERED AND ADJUDGED that Count I of the Complaint, D.E. 1, is DISMISSED WITH PREJUDICE as to all Defendants.[3]

DONE AND ORDERED in Chambers, Miami, Florida, this 20th day of March, 2013.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:  counsel of record

---

[3] Although dismissal of Count I extinguishes Plaintiff's cause-of-action for copyright infringement for the period from the date of the Cease-and-Desist Letter to the date on which this action was filed, it does not bar Plaintiff from bringing a future claim alleging copyright infringement during a later period following copyright registration of the *Spank* composition by Smith's estate.