UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 1:12-cv-23795-UU

RONALD LOUIS SMITH, JR.,

    Plaintiff,

v.

HARRY WAYNE CASEY, *et al.*,

    Defendants.

_____/

## ORDER OF DISMISSAL

THIS CAUSE is before the Court *sua sponte* upon a review of the record.

THE COURT has considered the Motion and the pertinent portions of the record and is otherwise fully advised in the premises. For the reasons stated below, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claim and, in addition, declines Plaintiff's ill-formulated request for declaratory relief.

### I. Background

Ronald Louis Smith ("Smith") was a recording artist, songwriter, producer, and musician who died on January 21, 2012. D.E. 1 ¶ 4. Plaintiff Ronald Louis Smith, Jr. ("Plaintiff") is a Florida resident and the administrator of Smith's estate. *Id.* ¶ 3. Defendant K.C. & The Sunshine Band, Inc., is a Florida corporation, *id.* ¶ 6, and Defendant Harry Wayne Casey, the band's promoter, is a citizen and resident of Florida, *id.* ¶ 5. Defendant Sunshine Sound Entertainment, Inc., is a Florida corporation. *Id.* ¶ 7. Defendant Harrick Music, Inc., is also a Florida corporation. *Id.* ¶ 8. This action was brought by Plaintiff on behalf of Smith's estate, and states counts for: (1) Copyright Infringement; (2) Breach of Contract; and (3) Declaratory Relief regarding copyright ownership. Count I was dismissed with prejudice as against all Defendants

named in the Complaint.  See D.E. 71.

Smith was the sole author of the musical composition titled *Spank*.  *Id.* ¶ 11.  In 1978, Smith also produced and recorded *Spank* for Defendant Sunshine Sound Entertainment, Inc. ("Sunshine Sound").  *Id.* ¶ 12.  The 1978 *Spank* recording features the vocal performance of Jimmy "Bo" Horne.  *Id.* ¶ 12.  Harrick Music filed a "PA" copyright registration form with the Copyright Office on March 1, 1979, listing itself as *Spank*'s claimant and Smith as the sole author of *Spank*'s words and music.  *Id.* ¶ 14.  Sunshine Sound registered an "SR" copyright registration form with the Copyright Office on June 21, 1979, listing itself as claimant of an album entitled *Goin' Home for Love*, featuring the song *Spank*, along with other master recordings of the vocal performances of Jimmy Bo Horne.  *Id.* ¶ 15.

Plaintiff alleges that Decedent acquiesced in allowing Harrick Music to administer the *Spank* composition from January 8, 1979, until November 28, 2011, and that Harrick Music withheld compensation for the same (the "Implied Administration Agreement").  *Id.* ¶ 18.  He further alleges that Harrick Music has only made sporadic payments of royalties to Decedent or his estate in connection with the *Spank* composition over the past 30 years.  *Id.* ¶ 19.  According to Plaintiff, Harrick Music has never provided Decedent or his estate with complete royalty accounting statements in connection with earnings of the *Spank* composition.  *Id.* ¶ 20.

Plaintiff also alleges that Decedent acquiesced in allowing Casey or his band (it is not clear from the pleadings), to commercially exploit the *Spank* master under that same Implied Administration agreement.  *Id.* ¶ 22.  As with Harrick Music, Plaintiff alleges that Casey or his band never provided Decedent with complete statements of earnings in connection with the earnings of the *Spank* composition or master.  *Id.* ¶ 24.  Decedent purported to revoke all

authority for these Defendants to administer the copyright of the *Spank* composition or of his interest in the *Spank* master by letter dated November 28, 2011.

Plaintiff makes a number of allegations with respect to copyright infringement that are no longer relevant, given that the count for infringement has been dismissed.  Relevant to his state-law contract claim, however, is Plaintiff's allegations concerning a Release Agreement between Decedent and Defendants.  On or about September 30, 1980, Decedent and Defendants entered into a mutual release agreement.  *Id.* ¶ 40.  Plaintiff argues that the release agreement absolved Decedent from his obligation to deliver his exclusive services to Harrick Music and Sunshine Sound, but required these parties to pay Smith royalties for the Smith Master Solo Album and the Smith compositions, including *Spank*.  Plaintiff alleges that Sunshine Sound never paid Decedent or his estate any royalties whatsoever for these works, in breach of the written release agreement and the Implied Administration Agreement.  *Id.* ¶ 42.

Plaintiff filed proposed notices of termination, purporting to terminate any transfer of copyright by Decedent to Defendants, and such notices were filed on July 9, 2012.  *Id.* ¶ 44.  Those notices were rejected by the United States Copyright Office, and new notices were submitted to the Copyright Office in March of 2013, after the filing of this action.  *See* D.E. 81-3.

## II. Discussion

What might have been a straightforward copyright action came to this Court on shaky ground from its inception.  After dismissing the copyright infringement count for lack of statutory standing, Plaintiff's action consisted of a state-law contract claim and a request for declaratory judgment.  As a result, federal-question jurisdiction was extinguished, since, "[of] course, it is well established that the Declaratory Judgment Act does not, of itself, confer

jurisdiction upon federal courts." *Stuart Weitzman, LLC v. Microcomputer Resources, Inc.*, 542 F.3d 859, 861-62 (11th Cir. 2008). Thus, the Court is presented with the threshold question of whether it should, in its discretion, exercise supplemental jurisdiction over the remaining counts. Embedded within this calculus is the separate question of whether the Court should – again, in its discretion – declare Plaintiff's rights pursuant to the Declaratory Judgment Act. The answer to both of these questions is in the negative.

### A. Pendent state-law claim

When, as here, federal claims have dropped out of a lawsuit in its early stages and only state-law claims remain, a federal court should ordinarily decline to exercise supplemental jurisdiction over state-law claims and dismiss the case without prejudice. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988). State courts, not federal courts, should be the final arbiters of state law, *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997), and that is especially true with respect to Plaintiff's contract claim, which is based on alleged oral and written agreements entered into by Florida residents, in Florida, for work apparently done in Florida. However, if the state-law claim becomes time-barred during the pendency of the federal action, then a district court "may perhaps" retain supplemental jurisdiction despite the dismissal of the federal claims. *See Eubanks v. Gerwen*, 40 F.3d 1157, 1162 (11th Cir. 1994). In its Order to Show Cause, D.E. 75, this Court asked the parties to brief the limitations issues that might weigh in favor of exercising supplemental jurisdiction. After reviewing the responses, the Court is satisfied that Plaintiff's claim will not be impaired by a dismissal without prejudice.

Plaintiff's timely claims for breach-of-contract will not become time-barred as a result of this Court's dismissal without prejudice. In its Response, D.E. 77, to the Court's Order to Show

Cause, Plaintiff merely recites the respective limitations periods for written and oral contracts, and concludes that "Plaintiff would lose the benefit of the filing date of this lawsuit in calculating damages for breach of contract." *Id.* at 2.  Plaintiff's assertion is wrong both because the limitations period was tolled when it filed suit in this Court, and because damages for timely claims are calculated from the date of breach, not from the date of filing.  By federal statute, a pendent state-law claim dismissed without prejudice "shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." 28 U.S.C. § 1367(d); *Dukes v. Georgia*, 212 F. App'x 916, 917 (11th Cir. 2006).

Having addressed the limitations issue, the Court finds ample cause to decline jurisdiction, and no compelling reason to exercise it.  Although this action has regrettably not been litigated efficiently to date, the parties have conducted very limited discovery thus far and, because the copyright infringement claim was dismissed at so early a stage, federal law strongly encourages this Court to decline jurisdiction.  *See Cohill*, 484 U.S. at 350; *Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999).  There is, in this action, complete *non*-diversity of citizenship, as all parties are Florida residents or business entities, and the locus of all relevant facts and events underlying the disputes herein is entirely within Florida.  The only justiciable claim remaining is squarely a matter of Florida interest.

### B. Request for declaratory relief

Pursuant to the Declaratory Judgment Act, "[i]n a case of actual controversy . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declarations." 28 U.S.C. § 2201(a) (emphasis added).  As repeatedly recognized by the Supreme Court, "[s]ince its inception, the Declaratory

Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). The Act "confers a discretion on the courts rather than an absolute right upon the litigant." *Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952).  It is "more consistent with the statute . . . to vest district courts with discretion in the first instance, because facts bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for resolution, are particularly within their grasp." *Wilton*, 515 U.S. at 289.  For the reasons set forth herein, the declaratory relief requested in Count III of this Complaint is so unlike the paradigmatic request for declaratory relief, and so otherwise riddled with defects, that the Court will decline to entertain it.

      The posture of Plaintiff's claim is wholly unlike the injurious posture that Congress sought to remedy when it enacted the Declaratory Judgments Act.  The root purpose of the Act was to ameliorate the dilemma of having to choose whether to refrain from acting within a claimed right or else face a public enforcement action. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007).  Federal courts have also accepted jurisdiction over requests for declaratory relief in cases where the plaintiff's "self-avoidance of imminent injury" is coerced by the threatened enforcement action of a *private* party, and the Supreme Court has endorsed this practice.  *See id.* at 130-32 (citing *Altvater v. Freeman*, 319 U.S. 359 (1943)).  The Act does not, of itself, establish federal jurisdiction; rather, the Court "must analyze the assumed coercive action by the declaratory judgment defendant." *Stuart Weitzman, LLC*, 542 F.3d at 861-62 (citing *Gulf States Paper Corp. v. Ingram*, 811 F.2d 1464, 1467 (11th Cir. 1987)).

      Plaintiff faces no threat of coercive action by Defendant, and indeed was the party that

threatened coercive action by way of its since-dismissed copyright infringement claim. As such, Count III comes dangerously close to being a request for an advisory opinion. Plaintiff's request for declaratory relief would make more sense if he had already undertaken to commercialize the subject works on his own, and, either in connection with its own claim of infringement or not, sought declaratory relief to stave off adverse legal and injunctive action by Harrick Music and others. However, that is not the case presented.

Moreover, while there is undoubtedly a "dispute" among the parties in the general sense of the word, the Court cannot find that there is any longer an "actual controversy" presented by Plaintiff's prayer for relief in Count III. This Count requests[1]: "That Plaintiff's Notices of Termination of Ronald Louis Smith's grants of copyright to Harrick Music and Sunshine Sound are valid and enforceable and effective as of August 1, 2014." D.E. 1 ¶ 61(a). As admitted by Plaintiff in a Status Conference held before this Court on March 22, 2013, the Copyright Office did not accept those proposed notices of termination. *See* D.E. 81-2 (letter from Copyright Office). In response, Plaintiff filed new proposed notices of termination. *See* D.E. 81-3 (correspondence between counsel and attached proposed notices). Plaintiff has thereby achieved the dubious distinction of rendering its already problematic request for declaratory relief both moot *and* unripe. Count III is moot as to the Notices of Termination initially submitted, and, even if the Court were to apply these specific pleadings to Plaintiff's subsequent submission to the Copyright Office, the request would fail for want of ripeness. After all, Defendants might

---

[1] In addition to this substantive request, Count III also requests attorney's fees and costs of litigation, and any "further relief as the Court deems just and proper." D.E. 1 ¶ 61(b)-(c).

hypothetically abide by the Copyright Office's acceptance of the new proposed notices.[2]  And finally, this request for declaratory relief would be rendered superfluous by a proper action for copyright infringement, if and when Plaintiff applies for registration of its copyright interest in the subject works.

Notwithstanding the defects in Plaintiff's request for declaratory relief, Defendants would have this Court hold onto Count III.  They argue[3] that the Court should rule on Count III because certain contract provisions must be interpreted in light of the "works made for hire" definition contained in section 101 of the Copyright Act, and because the validity of either the old or new termination notices must be interpreted in light of section 203 of the Copyright Act and applicable Copyright Office regulations.  Again, these determinations may be made upon a proper suit for copyright infringement – which was not presented in this case – not upon Plaintiff's request for declaratory relief.  Accordingly, it is

---

[2] Plaintiff's Reply, D.E. 82, states that he intends to file a motion for leave to file a supplemental complaint, in which, among other additions, it would update Count III so as to refer, in addition or instead, to the new Notices of Termination filed with the Copyright Office. Such a motion would be futile, for while it would address the current mootness of Count III, it would still suffer from the other deficiencies discussed in this order.

[3] Defendants cite *T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 828 (2d Cir. 1964) (Friendly, J.) for the proposition that the Court has original jurisdiction over Count III because it requires construction of the Copyright Act.  First, as discussed in this Order, a request for declaratory relief does not in and of itself confer subject-matter jurisdiction – it is within the Court's unique and substantial discretion to exercise that jurisdiction, regardless of whether the relief relates to construction of state law or federal law.  Second, Judge Friendly's opinion in *T.B. Harms Co.* affirmed a district court's *dismissal* on jurisdictional grounds of an action for declaratory and equitable relief brought against the assignor and assignee of a purported partial copyright interest. In that opinion, Judge Friendly rejects "the ingredient theory of Article III," *id.* at 826, and also notes that there is no "cause of action to fix the locus of ownership," *id.* at 827.  The opinion also rejects the notion that state courts may not entertain state-law claims that touch upon copyright or patent interests, as it "would entail depriving the state courts of any jurisdiction over matters having so little federal significance.'" *Id.* at 826.

ORDERED AND ADJUDGED that Counts II and III of the Complaint, D.E. 1, are DISMISSED WITHOUT PREJUDICE.  It is further

ORDERED AND ADJUDGED that all pending motions are DENIED AS MOOT.  It is further

ORDERED AND ADJUDGED that for Administrative Purposes this case is CLOSED.

DONE AND ORDERED in Chambers, Miami, Florida, this 25th day of April, 2013.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:  counsel of record